UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 18-civ-23105-Cooke/Goodman

BISCAYNE BEACH CLUB
CONDOMINIUM ASSOCIATION, INC.,

    Plaintiff,

v.

WESTCHESTER SURPLUS LINES
INSURANCE COMPANY,

    Defendant.
_____/

## DEFENDANT'S REPLY IN SUPPORT OF
## ITS MOTION TO VACATE APPRAISAL AWARDS

Defendant, Westchester Surplus Lines Insurance Company ("Westchester"), files this Reply in Support of its Motion to Vacate Appraisal Awards ("Motion to Vacate") [D.E. 36], and states:

Biscayne Beach's opposition rests on its theory that the Court must disregard Blake Pyka's emails disclosing his contingent fee because Mr. Pyka submitted an affidavit. This affidavit, while acknowledging that Mr. Pyka disclosed and believed he had a contingent fee agreement, vaguely describes Mr. Pyka's disclosure and belief as a mistake.

Westchester's Motion to Vacate is about the integrity of the appraisal. The parties contracted to have "competent and impartial appraisers" and the law requires that impartial appraisers disclose their financial interests at the outset. Westchester was deprived of its bargained-for right to an impartial appraisal panel, and therefore, the appraisal awards should be vacated.

    **I.**    **The "Factual Background" offered by Biscayne Beach consists of unilaterally procured statements about which Westchester has not been afforded an opportunity for cross-examination or other discovery.**

Biscayne Beach continually refers to the Affidavit of Blake Pyka as a means of discrediting Mr. Pyka's earlier emails in which he disclosed having an improper contingent

fee agreement. This affidavit, signed only after Westchester filed a motion with this Court regarding Mr. Pyka's fee arrangement, cannot be conclusive regarding whether Mr. Pyka indeed had a contingent fee agreement, but instead only raises a question of which of Mr. Pyka's inconsistent statements should be given more weight. Westchester should be given an opportunity to cross-examine Mr. Pyka about these inconsistent statements.

>   II. **The Appraisal Awards should be vacated because it is undisputed that Mr. Pyka disclosed having a financial interest in the outcome approximately seventeen months into the appraisal, as it neared completion.**

Westchester did not move to vacate because of "outrageous findings" of the appraisal panel. Rather, Westchester moved to vacate because Mr. Pyka had a financial interest in the outcome, or alternatively, believed he had a financial interest in the outcome.

>   a. **Westchester made a prima facie showing of evident partiality on the part of Mr. Pyka.**

In support of its Motion to Vacate, Westchester attached several emails from Mr. Pyka, and incorporated by reference the Affidavit of Blake Pyka filed by Biscayne Beach in its Response to Defendant's Omnibus Motion to Reopen Case and to Permit Limited Discovery [D.E. 34]. Biscayne Beach's contention that Westchester's Motion to Vacate "does not present any admissible evidence whatsoever," Opp'n, at 6, is inaccurate. Mr. Pyka's affidavit is a sworn statement by Mr. Pyka and was offered by Biscayne Beach. The Court may decide a motion on affidavits. Fed. R. Civ. P. 43.

Mr. Pyka's emails are also admissible evidence. First, to the extent Westchester offered Mr. Pyka's emails to demonstrate his state of mind as someone being compensated under a contingent fee, as opposed to the truth of his statement that he was being compensated under a contingent fee, the emails are non-hearsay. Fed. R. Evid. 801(c); *see also* Fed. R. Evid. 803(3). Second, Mr. Pyka acknowledged in a sworn affidavit[1] that he "disclosed to Patrick Lewis and Keith Womack, Defendant's appraiser and the umpire, that [he] had a contingent fee agreement …."[2] Accordingly, Mr. Pyka has acknowledged sending the emails attached to the Motion to Vacate, so there are "sufficient guarantees of trustworthiness." Fed. R. Evid.

---

[1] The Affidavit of Blake Pyka was notarized by counsel for Biscayne Beach. While Westchester has no reason to doubt the authenticity of the affidavit, it would be appropriate for Mr. Pyka to authenticate the document at a deposition or evidentiary hearing.
[2] Pyka Aff. ¶ 9 [D.E. 39-2].

2

807.³ Given that Mr. Pyka sent the emails disclosing his contingent fee agreement before he knew that having a contingent fee might cause the appraisal awards to be vacated, or that there was potential that coverage would be void under the Policy's Concealment, Misrepresentation or Fraud condition, the emails are more probative than any of Mr. Pyka's later statements. Fed. R. Evid. 807(a)(2).

It is undisputed that approximately seventeen months into the appraisal Mr. Pyka admitted to having a contingent fee. Accordingly, Westchester has offered sufficient evidence in support of its Motion to Vacate. Should the Court require additional evidence, Westchester should be afforded an opportunity to take discovery and supplement its motion, and the matter should be set for evidentiary hearing.

Biscayne Beach further contends that Westchester "attempts to require an improperly high standard for impartiality [for] the appraisers," Opp'n, at 6, but does not specify how it contends Westchester erred. Without explanation, Biscayne Beach quotes *Lee v. Marcus*, 396 So. 2d 208 (Fla. Dist. Ct. App. 1981), but this case is distinguishable. *Lee* is a state court case based on the Florida Arbitration Code ("FAC"), and the clause in the FAC then at issue is not found in the Federal Arbitration Act ("FAA"). The FAA controls because the Policy [D.E. 39-1] is a contract between a Georgia corporation and a Florida corporation. *Flach v. Clardendon Nat'l Ins. Co.*, No. 804-cv-49T-17MSS, 2004 WL 5042294, at *2 (M.D. Fla. Apr. 8, 2004) ("[T]his Court finds that the insurance policy was issued by a foreign corporation to a Florida resident and involves interstate commerce…. Accordingly, the [FAA] applies to this action."). The text quoted by Biscayne Beach relates to Fla. Stat. § 682.13(1)(b), which states that the court shall vacate an arbitration award if there was "[e]vident partiality by an arbitrator **appointed as a neutral arbitrator**." (emphasis added). The FAA, however, requires vacation "where there was evident partiality or corruption in the arbitrators, **or either of them**." 9 U.S.C. § 10(a)(2) (emphasis added).

Even if the FAC controls, Mr. Pyka was "appointed as a neutral arbitrator" because the Policy requires each party to appoint an "impartial" appraiser.⁴ *Colo. Hospitality Servs., Inc.*

---

³ Mr. Pyka also acknowledged making the communication at or near the time he developed the belief of being under a contingent fee. This admission supports a finding that the email was a record of a regularly conducted activity. Fed. R. Evid. 803(6). However, additional information about the regularity of practices is needed.

⁴ Policy, D.E. 36-1, at 23.

3

LEGAL\47376708\1

*v. Owners Ins. Co.*, No. 14-cv-001859, 15-cv-01046, 2015 WL 4245821, n.3 (D. Colo. July 14, 2015) (finding "little meaningful difference between an 'impartial' and a 'neutral' appraiser"). Florida law requires appraisers to disclose having a "financial … interest in the outcome" before accepting an appointment, and an appraiser that fails to disclose his financial interest "is presumed to act with evident partiality under s. 682.13(1)(b)." Fla. Stat. § 682.041(1), (5). Thus, the appraisal awards are subject to vacation due to Mr. Pyka's evident partiality. Unlike the alleged partiality in *Lee*, shared office space between an arbitrator and a party's counsel,[5] Mr. Pyka's late admission that he is entitled to a percentage of the awards requires vacation of the awards.

### b. Westchester did not waive its right to an impartial appraisal panel or to vacate the appraisal awards.

The parties' Joint Stipulation Abating Lawsuit Pending Appraisal [D.E. 11] filed September 13, 2018 reflects that "Defendant further objected to Plaintiff's choice of [Lester] Martinez [as] appraiser in the belief that he is not 'impartial.'" Exhibit 3 to the Stipulation reflects that Westchester objected to Mr. Martinez because he is entitled to "10% of whatever is recovered from Westchester …."[6] Westchester "reserve[d] all rights pursuant to the insurance policy and applicable law."[7]

The cases cited by Biscayne Beach regarding waiver are distinguishable because those cases involved a party knowing of the potential partiality at the outset of the arbitration. Here Mr. Pyka disclosed having a contingent fee seventeen months in as the appraisal neared completion, and even then, he did not answer follow-up questions or provide details about his fee agreement.[8] Biscayne Beach cites no authority for finding waiver where the disclosure

---

[5] *Lee*, 396 So. 2d at 209-10.
[6] Letter to Jesmany Jomarron dated September 13, 2018, at 2 [D.E. 11-3].
[7] Letter to Jesmany Jomarron dated September 13, 2018, at 12 [D.E. 11-3].
[8] *See, e.g.*, *Bianchi v. Roadway Express, Inc.*, 441 F.3d 1278 (11th Cir. 2006) (where the movant knew all facts pertaining to the alleged bias before a grievance hearing, and then acknowledged at the hearing that he was fairly represented, but later argued he was afraid to object); *Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Smolchek*, No. 12-80355-civ, 2012 WL 4056092, at *3 (S.D. Fla. Sept. 17, 2012) ("Merrill Lynch knew the relevant information and failed to raise the issue of Mrs. Pearce's partiality before the commencement of the hearing."); *Dadeland Square, Ltd. v. Gould*, 763 So. 2d 524 (Fla. Dist. Ct. App. 2000) (during a pre-arbitration conference call, arbitrator disclosed having a relationship with an interested party, and then the arbitration administrator gave the attorneys the opportunity to ask her

is made at the end of the appraisal because permitting such a late disclosure defeats the purpose of requiring disclosure of conflicts and bases for partiality.

In any event, Westchester expressly objected to Biscayne Beach paying its appraiser on a contingent fee at the outset of the appraisal process when Biscayne Beach appointed its public adjuster Lester Martinez as appraiser. Joint Stipulation [D.E. 11]. Biscayne Beach then repeated itself and appointed Mr. Pyka as appraiser and agreed to pay him on a contingent fee basis. Considering that Biscayne Beach repeated the very conduct that Westchester objected to and now vigorously argues that Mr. Pyka was indeed impartial and properly served as appraiser, Westchester was not required "to renew [its] objection … in what would have been an obviously futile gesture." *Webb v. Priest*, 413 So. 2d 43, 46 (Fla. Dist. Ct. App. 1982). Westchester had to allow the appraisal process to conclude without attorney interference so that the Court could decide the proper recourse.[9] Accordingly, Westchester did not waive its right to vacate the appraisal awards by not objecting when Mr. Pyka disclosed his partiality to the appraisal panel in month seventeen of an eighteen month appraisal.[10]

### c. Westchester is not required to demonstrate prejudice.

Regardless of whether the text of the FAC or FAA governs, Biscayne Beach's prejudice argument fails because the prejudice requirement of Fla. Stat. § 682.13 does not apply where there is evident partiality. Section 682.13 states, in part:

(1) Upon motion of a party to an arbitration proceeding, the court shall vacate an arbitration award if:

---

confidential questions about the disclosure or to object confidentially and sent a letter confirming the disclosure); *Perez v. Cigna Health & Life Ins. Co.*, 2020 WL 3473735, at *4 (M.D. Fla. June 4, 2020) ("Notable, the arbitrator's previous employment as the managing shareholder at Littler was fully disclosed prior to Ms. Perez's acceptance of the arbitrator. … Accordingly, any claim of partiality regarding the arbitrator's relationship with Littler is waived.").

[9] Westchester notes that the appraisal panel requested that the parties' attorneys not contact the panel. On May 16, 2019, Keith Womack asked Mr. Jomarron to refrain from sending him ex parte communications, and on June 24, 2019, Pat Lewis requested Mr. Jomarron seek updates on the appraisal from Mr. Pyka, not from the entire panel. Emails attached as Composite Exhibit A.

[10] Insofar as Biscayne Beach suggests Westchester waived its right to an impartial panel when Mr. Lewis signed the appraisal awards, Mr. Lewis is a non-attorney appraiser whose role is determining the amount of loss, not asserting Westchester's legal rights.

  (a) The award was procured by corruption, fraud, or other undue means;

  (b) There was:

 1. Evident partiality by an arbitrator appointed as a neutral arbitrator;

 2. Corruption by an arbitrator; or

 3. Misconduct by an arbitrator prejudicing the rights of a party to the arbitration proceeding;

Fla. Stat. § 682.13(1)(a)-(b). Each clause under § 682.13(1)(b) is distinct and ends with a semicolon, with an "or" separating them, and thus "each may be understood completely without reading any further." *Jama v. Immigration & Customs Enforcement*, 543 U.S. 335, 344 (2005); *see also Telophase Soc'y of Fla., Inc. v. State Bd. of Funeral Dirs. & Embalmers*, 334 So. 2d 563, 566 (Fla. 1976) ("'Or' when used in a statute is generally to be construed in the disjunctive."). Biscayne Beach's reliance on *Brandon Jones Sandall Zeide Kohn Chalal & Musso, P.A. v. Beasley & Hauser, P.A.*, 925 So. 2d 1142 (Fla. Dist. Ct. App. 2006) is misplaced because it was decided on an earlier version of § 682.13 that did not have distinct subparts.[11] *Carol City Utils., Inc. v. Gaines Constr. Co.*, 201 So. 2d 242 (Fla. Dist. Ct. App. 1967), an even older case, is based on an entirely different statutory scheme that is not quoted in the case (citing Fla. Stat. § 57.22). Here, the appraisal awards shall be vacated if "[t]here was evident partiality by an arbitrator appointed as a neutral arbitrator," irrespective of prejudice.[12]

---

[11] In *Brandon Jones*, the Court quoted § 682.13 as stating: "Upon application of a party, the court shall vacate an award when: (a) The award was procured by corruption, fraud or other undue means; (b) There was evident partiality by an arbitrator appointed as a neutral or corruption in any of the arbitrators or umpire or misconduct prejudicing the rights of any party ...." *Brandon Jones*, 925 So. 2d at 1145 (quoting § 682.13(1), Fla. Stat. (2005)) (emphasis removed). Section 682.13 was rewritten by Chapter 2013-232, Florida Laws.

[12] Other cases cited by Biscayne Beach on this point are similarly distinguishable. *Candales v. Allstate Ins. Co.*, 421 So. 2d 42 (Fla. Dist. Ct. App. 1982) involved a motion to confirm an arbitration award under Fla. Stat. § 682.12 and the court explicitly noted "no grounds for vacating or modifying that award were presented below under Sections 682.13 ...."). *Travelers Indem. Co. v. Walton*, 384 So. 2d 939 (Fla. Dist. Ct. App. 1980) briefly addressed the question of whether all three arbitrators on a three-arbitrator panel must vote, and resolved it by reference to Fla. Stat. § 682.05 which requires only majority rule; there was no discussion of vacation of awards or partiality. *Winfrey v. Simmons Foods, Inc.*, 495 F.3d 549, 551 (8th Cir. 2007) is specifically limited to arbitrations "[w]here an agreement entitles the parties to select interested arbitrators," and the Eleventh Circuit has not adopted the prejudice standard of the Eighth Circuit. Unlike in *Winfrey*, the Policy does not permit the parties to appoint interested appraisers. The Policy explicitly requires the parties to appoint impartial appraisers.

In the Eleventh Circuit, an award shall be vacated due to "evident partiality" when "either (1) an actual conflict exists, or (2) the arbitrator knows of, but fails to disclose, information which would lead a reasonable person to believe that a potential conflict exists." *Gianelli Money Purchase Plan & Tr. v. ADM Investor Servs., Inc.*, 146 F.3d 1309, 1312 (11th Cir. 1998). There is no requirement for a showing of prejudice. Mr. Pyka's direct financial interest in the outcome of the appraisal creates an actual conflict because he is financially incentivized to appraise at the highest possible value.[13] At a minimum, a reasonable person would believe that to create a conflict, and Mr. Pyka failed to disclose his contingent fee agreement until month seventeen of eighteen.

III. **An appraiser with a contingent fee agreement is not impartial and because the Policy requires impartial appraisers, the appraisal was not conducted in accordance with the Policy.**

The majority rule in Florida is that the contractual requirement for "impartial" appraisers "excludes those with a pecuniary interest in the outcome." *State Farm Fla. Ins. Co. v. Crispin*, 290 So. 3d 150, 153 (Fla. 5th DCA 2020);[14] *accord State Farm Fla. Ins. Co. v. Valenti*, 285 So. 3d 958, 960 (Fla. 4th DCA 2019) (holding a public adjuster could not serve as disinterested appraiser because "the insured signed a contract with the public adjuster entitling the public adjuster to a portion of any recovery from the insurer and assigning a portion of the claim to the public adjuster" and then "the public adjuster inspected the property and submitted the claim to the insurance company."); *Shores at Coco Plum Condo. Ass'n, Inc. v. Westchester Surplus Lines Ins. Co.*, No. 18-23910-civ, 2019 WL 2223172, at *2 (S.D. Fla. Apr. 29, 2019); *Verneus v. Axis Surplus Ins. Co.*, No. 16-21863-civ, 2018 WL 3417905, at *6 (S.D. Fla. July 13, 2018); *Landmark Am. Ins. Co. v. H. Anton Richardt, DDS, PA*, No. 2:18-cv-600-FtM-29UAM, 2019 WL 2462865, at *3 (M.D. Fla. June 13, 2019).

Courts set aside appraisal awards where an appraiser was under a contingent fee, because where the policy requires the parties to "select a competent and impartial appraiser,"

---

[13] Even if there was a prejudice requirement, Mr. Pyka's financial interest tainted the appraisal from the start. In the Eighth Joint Status Report [D.E. 29], filed several months before Mr. Pyka disclosed his contingent fee, Westchester advised the Court that there has been an ongoing failure of Mr. Pyka to produce documents reflecting Biscayne Beach's incurred costs.

[14] *Crispin* used the term "disinterested" instead of "impartial," but defined "disinterested" to mean "impartial." 290 So. 3d at 153.

the appraisal award "was the product of an improper appraisal process." *Shree Hari Hotels, LLC v. Society Ins.*, No. 1:11-cv-01324, 2013 WL 4777212 (S.D. Ind. Sept. 5, 2013). The awards must be vacated because "the plain language of the contract requires that both sides select an 'impartial' appraiser," and when one appraiser is on a contingent fee, the appraisal "is not conducted in accordance with the policy." *Colorado Hospitality*, 2015 WL 4245821, at *3; *cf. Stalley v. Orlando Reg'l Healthcare Sys., Inc.*, 524 F.3d 1229, 1234-35 (11th Cir. 2008) (holding that the plaintiff lacked standing, so "the district court lacked subject matter jurisdiction over the complaint, and it had no power to render a judgment on the merits.").

The Court may "disregard [state intermediate appellate court] decisions if persuasive evidence demonstrates that the highest court would conclude otherwise." *Molinios Valle Del Cibao, C. por. A. v. Lama*, 633 F.3d 1330, 1348 (11th Cir. 2011).[15] *State Farm Fla. Ins. Co. v. Sanders*, No. 3D19-927, 2020 WL 1870776, at *2 (Fla. 3d DCA 2020), which is on appeal to the Florida Supreme Court,[16] was a limited-review case because it came to the court on petition for writ of certiorari, which "foreclose[ed] [the court's] authority to address the continued vitality of *Rios* and *Galvis*." The concurrence explains: "I believe that had this case come to us on direct appeal from a final judgment …, our decision would likely have been different." *Id.* at *9 (Fernandez, J., specially concurring). Accordingly, this Court should continue to follow the majority rule, and conclude that Mr. Pyka's contingent fee violated the contractual conditions for the appraisal, and therefore, the award is not valid and should be set aside.

IV. **If the Court cannot grant Westchester's Motion to Vacate on the documentary evidence, the Court should allow the parties to present evidence at a hearing.**

Biscayne Beach is not the trier of fact, and thus its belief in the veracity of Mr. Pyka's affidavit does not preclude the Court from setting an evidentiary hearing. Rather, Biscayne Beach and Mr. Pyka heightened the need for testimony by filing an affidavit of Mr. Pyka that

---

[15] *Bravo v. U.S.* is distinguishable because "the point at which [a jury] award shocks the judicial conscience varies from district court of appeal to district court of appeal in Florida." 532 F.3d at 1169. The Eleventh Circuit later clarified its opinion, explaining that it is "'bound' to follow an intermediate state appellate court 'unless there is persuasive evidence that the highest state court would rule otherwise.'" *Bravo v. U.S.*, 577 F.3d 1324, 1326 (11th Cir. 2009); *see also* Defendant's Reply in Support of its Omnibus Motion to Reopen, at 5 [D.E. 35].
[16] *State Farm Fla. Ins. Co. v. Sanders*, SC20-596.

8

contradicts, yet acknowledges, his earlier statements. Mr. Pyka's credibility is an issue, and given the contradictory statements, testimony from other persons with knowledge of Mr. Pyka's fee agreement may also be necessary. "When statements in a party's affidavit differ or vary from its other evidence before the court, the discrepancies create an issue of credibility, or go to the weight of the evidence, and should be resolved by the trier of fact." *Wells v. Xpedx, a Div. of Int'l Paper Co.*, No. 8:05-cv-2193, 2006 WL 3133984, at *3 (M.D. Fla. Oct. 31, 2006). Accordingly, the Court must reject Biscayne Beach's argument that Mr. Pyka's affidavit renders discovery and an evidentiary hearing futile.

Biscayne Beach's alternative argument, that Mr. Pyka's seventeen month late disclosure moots the need for an evidentiary hearing, misconstrues *University Commons-Urbana*. There it was undisputed that an arbitrator disclosed a relationship "at the onset of the initial set of arbitration hearings," and the issue was whether the disclosure was sufficient. *Univ. Commons-Urbana, Ltd. v. Univ. Contractors, LLC*, 304 F.3d 1331, 1339 (11th Cir. 2002). Mr. Pyka's February 2020 disclosure was vague and occurred at the end of the appraisal process, not at the outset as was necessary.

## CONCLUSION

The Policy requires "competent and impartial" appraisers. Even without that contractual requirement, appraisers are required to disclose financial interests at the outset. It is undisputed that nearly a year and a half into the appraisal, Biscayne Beach's appraiser advised that he was entitled to a percentage of the appraisal awards. Biscayne Beach now hopes to avoid any further inquiry into Mr. Pyka's fee arrangement or the evolution of his beliefs, which casts even more doubt about the integrity of the appraisal process. For these reasons, Westchester respectfully requests the Court grant its Motion to Vacate.

Respectfully submitted,

**COZEN O'CONNOR**

By: /s/John David Dickenson
John David Dickenson
Florida Bar No. 575801
jdickenson@cozen.com
Chad A. Pasternack
Florida Bar No. 117885
cpasternack@cozen.com

9

                                                                                                                One North Clematis Street, Suite 510
                                                                                                                West Palm Beach, Florida  33401
                                                                                                                Telephone:  (561) 515-5250

                                                                                              *Counsel for Defendant, Westchester Surplus*
                                                                                              *Lines Insurance Company*

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on July 30, 2020, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to electronically receive Notices of Electronic Filing.

                                                                                            /s/  John David Dickenson
                                                                                                John David Dickenson

**SERVICE LIST**

*Counsel for Plaintiff*
Jesmany Jomarron, Esq.
JOMARRON | LOPEZ
4300 Biscayne Boulevard, Suite 305
Miami, FL 33137
eservice@justice360.com
jjomarron@justice360.com

10

LEGAL\47376708\1